UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENIS BRENDAN DONOVAN, | ) |
| | ) |
|                 Plaintiff, | ) |
| | ) |
|     v. | ) Case No. 1:14-cv-741 (CKK) |
| | ) |
| EARL A. POWELL, III, Director, | ) |
| The National Gallery of Art | ) |
| | ) |
|                 Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION TO DISMISS IN PART
AND MEMORANDUM OF LAW IN SUPPORT**

Defendant, Earl A. Powell, III, in his official capacity as Director of The National Gallery of Art (Gallery), hereby moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Counts Two and Three of Plaintiff's Complaint in their entirety and Counts One and Four in part, and states the following in support.[1]

---

[1] Unless the Court directs otherwise, Defendant will file his answer (and raise appropriate defenses) to the Complaint after the Court rules on this motion to dismiss in part. Under Rule 12(a)(4), the majority of courts that have considered the question have decided that the filing of a partial motion to dismiss under Rule 12 also extends the moving party's period of time to answer the unchallenged claim(s). *See*, *e.g.*, *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 637-40 (N.D. Iowa 2006) (court noted that the provisions of Rule 12(a) are cast in terms of "an answer" or "responsive pleading," as a whole, to a "complaint," "cross-claim," or "counterclaim," as a whole, not in terms of individual answers to separate counts or claims); *Oil Express Nat'l, Inc. v. D'Alessandro*, 173 F.R.D. 219, 220 (N.D. Ill. 1997); *see also* Wright & Miller, 5B Fed. Prac. & Proc. Civ.3d 1346 (courts following the majority rule have noted that the minority approach would require duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and cause confusion over the proper scope of discovery during the motion's pendency). If the Court orders a response to the unchallenged claims while the motion to dismiss is pending, Defendant respectfully requests 10 days from the date of the order to do so.

**PRELIMINARY STATEMENT**

Plaintiff Denis Donovan alleges that he was discriminated against on the basis of his disability (epilepsy) and in retaliation for engaging in protected EEO activity, in violation of Section 501 of the Rehabilitation Act, when he was denied a reasonable accommodation in 2004; he was suspended in 2006; his manager made an alleged discriminatory statement about people with disabilities in December 2012; he was terminated in January 2013.  The complaint has four counts:  (1) disparate treatment, pursuant to 29 C.F.R. § 1630.4; (2) disparate treatment, pursuant to 29 C.F.R. §1630.7; (3) failure to reasonably accommodate, pursuant to 29 C.F.R. § 1530.9; and (4) retaliation, pursuant to 29 C.F.R. § 1630.12.  This Court should dismiss the second and third counts of the complaint in their entirety failure to state a claim.  It should also dismiss the first and fourth counts to the extent they are based on time-barred acts.

**FACTUAL BACKGROUND**

Donovan, who has epilepsy, worked as a Sales Clerk in the Gallery's retail shops from April 1998 to January 2013, when he was terminated for making inappropriate remarks to a minor patron.  Compl. ¶¶ 6, 9-13.  In 2004, Donovan sought a reasonable accommodation from the Gallery to have his prescription medicine delivered to the Gallery mailroom, as his new residence could not guarantee secure receipt of the medicine.  *Id*. ¶14.  When his supervisor, Karen Boyd, now the Gallery's Deputy Division Head and Retail Operations Manager, initially told him that the Gallery would not permit the delivery, Donovan sought assistance from the Gallery EEO Office.  *Id.* ¶ 15.  The Gallery thereafter "arranged it so that [Donovan] could safely and timely receive his anti-seizure medications by mail while at work."  *Id.*

In June 2006, the Gallery issued a five-day suspension to Donovan for "rude" conduct to patrons.  *Id.* ¶¶ 17-23.  The proposed seven-day suspension letter was written by Stephen

McKevitt, then Donovan's direct supervisor. *Id*. ¶ 19.  The final decision, which reduced the proposed suspension by two days, was issued by William Burns, who works in the Gallery's Facilities Management department. *Id*. ¶ 22.

Donovan alleges that on December 19, 2012, he observed to a co-worker that some fixtures displaying books for sale in one of the Gallery shops "seemed to have been set up a little close together and likely were not compliant with the American with Disabilities Act." *Id*. ¶ 25.  According to the complaint, Boyd stated with respect to the display in the presence of Donovan: "It's not ADA compliant, but they can figure it out." *Id.*  Plaintiff alleges that he took offense and said to Boyd: "Did you just say that?", that she responded, "What?", and that he then said to her: "You basically just said 'to hell with the handicapped.'" *Id*. ¶ 26.  Donovan further alleges that Boyd then "just walked away." *Id.*

On January 11, 2013, the Gallery issued a proposed termination letter to Donovan, which was signed by Boyd. *Id.* ¶ 9.  According to the complaint, the proposed termination was based on Donovan's interaction with "a 15-year-old girl who, when she handed money to [him] for a purchase, was asked to unfold the money, and told "'that's how you pass money to a stripper.'" *Id.*  Donovan alleges that Boyd fabricated this basis for termination in retaliation for his "EEO activity that he began in March, 2004, and that had as its most recent occurrence" Boyd's alleged comments in December 2012. *Id*. ¶ 12.

## ARGUMENT

**I.      Count Two should be dismissed because Donovan fails to allege any "standard, criteria, or method of administration" or any discriminatory effect therefrom.**

Although his second count is labeled "disparate treatment," Donovan alleges that "NGA employs standards, criteria, or methods of administration, which were not job-related and

3

consistent with business necessity, that had the *effect* of discriminating on the basis of epilepsy, or that perpetuated the discrimination of Ms. Boyd, Mr. Krol, and other supervisory employees at NGA, who are subject to the control of the Defendant as director of NGA." *Id.* ¶ 34 (emphasis added); *see Anderson v. Duncan*, --- F. Supp. 2d ---, 2013 WL 5429274, at *8 (D.D.C. Sept. 30, 2013) (distinguishing between disparate treatment and disparate impact claims under Section 501 of the Rehabilitation Act).  Regardless of the actual theory invoked, Donovan does not identify any actual Gallery standard, criteria or method of administration, or any discriminatory effect stemming therefrom.  Indeed, the only accommodation request identified by Donovan was in fact provided:  delivery of his medication to the Gallery mailroom.  Compl. ¶ 15.  Donovan's conclusory allegation amounts to nothing more than a "formulaic recitation of the elements" of the claim, and is insufficient to state a claim.  *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *see*, *e.g.*, *Edwards v. Gray*, --- F. Supp. 2d ---, 2013 WL 6698618, at *3 (D.D.C. Dec. 20, 2013) (dismissing failure to reasonably accommodate claim where plaintiff failed to allege any connection between his diabetes and the denial of his request to visit a private psychologist for an employer-ordered examination); *Koch v. White*, 967 F. Supp. 2d 326, 334 (D.D.C. 2013) (dismissing Rehabilitation Act counts in complaint because "invocation of the federal discrimination statutes, with nothing more, is insufficient to create an inference of defendant's liability"); *Lucas v. Dist. of Columbia*, 683 F. Supp. 2d 16, 19 (D.D.C. 2010) (dismissing Rehabilitation Act claim based on alleged policy, custom or practice where plaintiff failed to plead any facts from which court could infer that such policy, custom or practice existed).

      Accordingly, because Donovan fails to establish any elements of a disparate treatment claim based on any actual discriminatory standard, criteria, or method of administration, his second count should be dismissed.

### II. Count Three should be dismissed as time-barred and because Donovan admits that he received the requested accommodation.

Any claim by Donovan relating to his 2004 reasonable accommodation request fails because it is time-barred and the Gallery provided the accommodation. As to the former: although the Rehabilitation Act does not expressly include its own statute of limitations, *see generally* 29 U.S.C. §§ 791 *et seq.,* claims under the Act are subject to the general six-year statute of limitations governing claims against the United States. 28 U.S.C. § 2401(a); *Pailes v. U.S. Peace Corps*, 783 F. Supp. 2d 1, 9 (D.D.C. 2009) (applying six-year limitations period to Rehabilitation Act claim), *aff'd*, No. 90-5400, 2010 WL 2160012 (D.C. Cir. March 27, 2010). Thus, the alleged denial of a reasonable accommodation in 2004, ten years before Donovan filed this action, is time-barred.[2]

As to the latter: even if Donovan's claim was timely, taking all of his allegations as true, he fails to establish a *prima facie* case that the Gallery failed to provide a reasonable accommodation. To satisfy that burden, Donovan must show, *inter alia*, that the Gallery failed to grant the requested reasonable accommodation. *See Faison v. Vance–Cooks,* 896 F. Supp. 2d 37, 49–50 (D.D.C. 2012) (citing *Woodruff v. Peters,* 482 F.3d 521, 527 (D.C. Cir. 2007)). Here, Donovan cannot establish that the Gallery refused to make the requested accommodation. Quite the contrary, he admits that the Gallery provided the reasonable accommodation of allowing him to have his prescription medication mailed to the Gallery. *See* Compl. ¶ 15.

---

[2] Any claim that Donovan purports to assert regarding his 2006 suspension is also time-barred.

### III. Counts One and Four should be dismissed to the extent they are based on time-barred acts.

As explained above, Donovan's 2004 request for a reasonable accommodation (which was granted) and his 2006 suspension are subject to the six-year limitations period. Thus, to the extent Donovan seeks relief for these acts in the first and fourth counts of his complaint, labeled disparate treatment and retaliation, respectively, those counts should be dismissed.

### CONCLUSION

For the foregoing reasons, the Gallery respectfully requests that the Court dismiss with prejudice Plaintiff's Counts Two and Three in their entirety and Plaintiff's Counts One and Four in part.

Respectfully submitted,

RONALD C. MACHEN JR.
D.C. BAR # 447889
United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division

By: _/s/_____
JAVIER M. GUZMAN
D.C. BAR #462679
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2551
Fax: (202) 252-2599
Javier.Guzman2@usdoj.gov