UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DENIS BRENDAN DONOVAN,

      Plaintiff,

   v.

EARL A. POWELL, III,

      Defendant.

Civil Action No. 14-741 (CKK)

## MEMORANDUM OPINION
(October 2, 2014)

Plaintiff Denis Brendan Donovan brings this action against Defendant Earl A. Powell, III, in his official capacity as Director of the National Gallery of Art ("NGA"), asserting claims that the NGA discriminated against him in violation of the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq.* Currently before the Court is Defendant's [9] Motion to Dismiss in Part. As of the date of this Memorandum Opinion, Plaintiff, who is represented by counsel, has not filed a response to Defendant's motion or sought an extension of time in which to do so. Accordingly, the Court will treat Defendant's motion as conceded.[1] *E.g.*, *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1295-96 (D.C. Cir. 2004). The Court also has considered the substance of Defendant's motion. Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court GRANTS Defendant's [9] Motion to Dismiss in Part. Counts I and IV of Plaintiff's Complaint shall be considered to the extent that Plaintiff seeks relief for events that are not time barred by the statute of limitations as proposed by Defendant. Counts II and III of Plaintiff's

---

[1] Pursuant to Local Civil Rule 7(b) and Federal Rule of Civil Procedure 6(d), Plaintiff was required to respond to Defendant's motion by no later than August 15, 2014.

[2] Compl., ECF No. [1]; Def.'s Mot. to Dismiss in Part, ECF No. [9] ("Def.'s Mot.").

1

Complaint shall be DISMISSED in their entirety on the basis that the events at issue are time barred. Count II also shall be DISMISSED in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, these claims are dismissed as conceded.

## I. BACKGROUND

The following facts are taken from the Plaintiff's Complaint and must be accepted as true for purposes of a motion to dismiss. *See Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). Plaintiff was employed as a Sales Store Checker in the NGA's Gallery Shops from April 1998 to January 2013, when he was terminated. Compl. ¶ 6.

In March 2004, Plaintiff first informed Defendant that he had epilepsy, a disability under 29 U.S.C. § 791(g). *Id.* ¶ 13. Plaintiff requested a reasonable accommodation to allow his epilepsy medication to be delivered to him at work because the mailbox at his new apartment was not secure. *Id.* ¶ 14. When Plaintiff's supervisor, Karen Boyd, denied the request, Plaintiff was able to secure the accommodation after contacting the NGA's EEO Office. *Id.* ¶¶ 14-15.

In early 2006, Plaintiff was disciplined for "rude" conduct to customers. *Id.* ¶¶ 17-19. Several months later, NGA suspended Plaintiff for five days, alleging negligence and insubordination. *Id.* ¶¶ 20-22.

On December 4, 2012, Ms. Boyd allegedly received a complaint that Plaintiff had made an inappropriate comment of a sexual nature to a 15-year-old female customer. *Id.* ¶¶ 9, 11. Plaintiff allegedly told the girl to unfold the cash she offered as payment because "that's how you pass money to a stripper." *Id.* ¶ 9. Further, Plaintiff alleges that on December 19, 2012, he commented to a co-worker that a book display in the Gallery store likely was not compliant with the Americans with Disabilities Act. *Id.* ¶ 25. Plaintiff alleges that Ms. Boyd later commented in front of Plaintiff that the display was "not ADA compliant, but they can figure it out." *Id.*

Plaintiff was offended and asked Ms. Boyd, "did you just say that?" *Id.* ¶ 26. Ms. Boyd responded, "what?" *Id.* Plaintiff then told Ms. Boyd, "you basically just said 'to hell with the handicapped.'" *Id.* Ms. Boyd walked away from Plaintiff. *Id.*

Three weeks later, on January 11, 2013, Ms. Boyd issued a proposed termination letter, recommending that Plaintiff be terminated based on the December 4, 2012 complaint. *Id.* ¶¶ 9, 27. Plaintiff alleges that Ms. Boyd fabricated the basis for Plaintiff's termination in retaliation for his "EEO activity that began in March, 2004, and that had as its most recent occurrence his December 19, 2012, complaint to Ms. Boyd . . . ." *Id.* ¶ 12. On January 28, 2014, a Final Agency Decision rejecting Plaintiff's EEO claims of discrimination was issued and Plaintiff received the Decision several days later. *Id.* ¶ 2.

On April 29, 2014, Plaintiff filed suit against Defendant in this Court. Plaintiff asserts four specific claims in his Complaint: (1) he was subject to disparate treatment in violation of 29 C.F.R. § 1630.4 ("Count I"); (2) he was subject to disparate treatment in violation of 29 C.F.R. § 1630.7 ("Count II"); (3) NGA failed to reasonably accommodate him in violation of 29 C.F.R. § 1630.12 ("Count III"); and (4) he was subject to retaliation and coercion in violation of 29 C.F.R. § 1630.12 ("Count IV"). In response to this Complaint, Defendant filed its [9] Motion to Dismiss in Part, contending that Counts II and III of the Complaint should be dismissed in their entirety based on Plaintiff's failure to state a claim, and Counts I and IV should be dismissed to the extent that they are based on time-barred acts. Plaintiff filed no response to Defendant's Motion to Dismiss in Part and, accordingly, the Court shall treat the motion as conceded.

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice

of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994). Further, the Court is limited to considering the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). "This includes documents . . . that are referred to in the complaint and [] central to the plaintiff's claim." *Long v. Safeway, Inc.*, 842 F. Supp. 2d 141, 144 (D.D.C. 2012) (internal alteration and citation omitted).

## III. DISCUSSION

### A. Statute of Limitations for Rehabilitation Act claims

Defendant argues that Plaintiff claims related to his 2004 reasonable accommodation and his 2006 suspension are time barred. Def.'s Mot. at 5-6. Defendant asserts that "claims under the [Rehabilitation] Act are subject to the general six-year statute of limitations governing claims against the United States." *Id.* at 5 (citing *Pailes v. U.S. Peace Corps.*, 783 F. Supp. 2d 1, 9 (D.D.C. 2009), *aff'd*, No. 09-5400, 2010 WL 2160012 (D.C. Cir. Mar. 27, 2010)). While Defendant is correct that the six-year statute of limitations applies to all actions against the United States, more specific and restrictive statutes of limitations have been applied to actions brought under the Rehabilitation Act.[3] Given that the issue of the applicable statute of limitations has not been fully briefed by either party, the Court shall not determine which statute of limitations applies to the instant action at this juncture. Further, given that the Complaint does not specify a timeline of actions taken by Plaintiff following his termination, including the

---

[3] While the Rehabilitation Act does not contain a statute of limitations, courts in this jurisdiction have analyzed claims brought under the Act by applying statutes of limitations borrowed from state law. *See, e.g., Adams v. District of Columbia*, 740 F. Supp. 2d 173, 184 (D.D.C. 2010) (holding that state law applied when determining the appropriate statute of limitations and borrowing the District of Columbia's three-year statute of limitations for personal injury claims when analyzing some Rehabilitation Act claims); *Gordon v. District of Columbia*, 605 F. Supp. 2d 239, 245 (D.D.C. 2009) (same); *Long v. Howard Univ.*, 512 F. Supp. 2d 1, 12 (D.D.C. 2007) (same); *Stewart v. District of Columbia*, Civ No. 04-1444, 2006 WL 626921, at *9-*11 (D.D.C. Mar. 12, 2006) (collecting cases); *but see Jaiyeola v. District of Columbia*, 40 A.3d 356, 368-69 (D.C. 2012) (holding that the District's Human Rights Act is more analogous to the federal Rehabilitation Act than the District's law regarding personal injury claims and, accordingly, applying the HRA's one-year statute of limitations to a Rehabilitation Act claim). Further, other federal statutes may also provide guidance. *See* 29 U.S.C. § 791(f) (applying standards from Title I of the ADA to complaints alleging nonaffirmative action employment discrimination under the Rehabilitation Act); 28 U.S.C. § 1658(a) (setting out a four-year statute of limitations for civil actions arising under an Act of Congress enacted after December 1, 1990 with no specified statute of limitations); *see also Koch v. White*, 967 F. Supp. 2d 326, 332 (D.D.C. 2013) (applying the Title VII time restrictions to an action brought under the Rehabilitation Act).

apparent filing of EEO claims for discrimination, that may be pertinent to a timeliness argument, the Court shall proceed with setting a schedule for discovery and shall not foreclose Defendant from making additional arguments on this issue at a later time. *See* Compl. ¶ 2. However, the Court for the purposes of ruling on the instant motion shall analyze Plaintiff's claims applying the six-year period, as advocated by Defendant, which has the effect of being the most inclusive of Plaintiff's claims as compared to the other potentially applicable statutes of limitations.

### B. Counts I and IV: Disparate Treatment and Retaliation Claims

Defendant argues that Counts I and IV should be dismissed to the extent that they are based on time-barred acts. Def.'s Mot. at 6. Specifically, Plaintiff appears to seek relief for his 2004 request for a reasonable accommodation and his 2006 discipline and suspension, as well as for the December 2012 incidents and his termination from employment in January 2013. *See* Compl. ¶¶ 13-24. The 2004 request for a reasonable accommodation, that ultimately was granted, and the 2006 discipline and suspension fall well outside of the six-year period adopted by the Court for the purposes of this analysis and, thus, are time barred. Accordingly, the Court finds that Plaintiff's claims for relief under Counts I and IV as related to his 2004 request for a reasonable accommodation and his 2006 discipline and suspension are time barred. However, Plaintiff may still seek relief under Counts I and IV regarding his January 2013 termination and the incidents that occurred in December 2012.

### C. Count II: Disparate Treatment

Plaintiff alleges that "NGA employs standards, criteria, or methods of administration, which were not job-related and consistent with business necessity, that had the effect of discriminating on the basis of epilepsy, or that perpetuated discrimination of Ms. Boyd, Mr. Krol, and other supervisory employees at NGA, who are subject to the control of the Defendant

of NGA." Compl. ¶ 34. Plaintiff does not provide any additional information under this claim, leaving Defendant and the Court to discern the specific standards, criteria, or methods of administration to which he objects. Defendant notes, and the Court agrees, "the only accommodation request identified by [Plaintiff] was in fact provided: delivery of his medication to the Gallery mailroom." Def.'s Mot. at 4. The Court already has determined that this specific event is time barred and is unable to discern any other event in the Complaint to serve as the basis for Count II.

Defendant presents as a second basis to dismiss Count II that Plaintiff has failed to state a claim and instead, has provided a "conclusory allegation [that] amounts to nothing more than a 'formulaic recitation of the elements' of the claim . . . ." *Id.* The Court agrees that Plaintiff has provided only a recitation of legal conclusions without any factual support and, accordingly, Count II also should be dismissed for failure to state a claim upon which relief can be granted. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (While the Court must accept all allegations in the complaint as true at the motion to dismiss stage, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Lucas v. District of Columbia*, 683 F. Supp. 2d 16, 19-20 (D.D.C. 2010) (granting a motion to dismiss on a Rehabilitation Act claim in which Plaintiff's complaint included only conclusory, boilerplate language regarding "a policy, custom or practice" employed by Defendant). The Court further notes that Plaintiff has conceded that this Count can be dismissed. Accordingly, Count II of Plaintiff's Complaint is dismissed on the grounds that is time barred and on the basis that Plaintiff failed to plead sufficient facts to state a plausible claim for relief.

### D. Count III: Failure to Reasonably Accommodate

Finally, Defendant argues that Count III of the Complaint should be dismissed in its entirety on two bases. First, Defendant argues that Plaintiff's request for accommodation is time barred because Plaintiff only made one request in March 2004. Def.'s Mot. at 5. Further, Defendant argues that Plaintiff cannot make out a *prima facie* case for failure to reasonably accommodate because Plaintiff's request for accommodation was granted. *Id.* The Court agrees as to the first basis for a dismissal of this Count.

Plaintiff alleges that in March 2004 he disclosed to Defendant that he suffered from epilepsy after he was told by Ms. Boyd, his second line supervisor, that he could not have his anti-seizure medication delivered to him at work. Compl. ¶¶ 8, 13-14. Plaintiff sought to have his medication sent to work because the mailbox at his apartment could not securely accommodate the prescription medications. Compl. ¶ 14. Plaintiff then sought assistance from Lindsay Patterson, NGA's EEO Officer, who "arranged it so that [Plaintiff] could safely and timely receive his anti-seizure medications by mail while at work." Compl. ¶ 15. It is clear that the request for a reasonable accommodation in 2004 is time barred and, accordingly, the Court does not need to reach the second ground for dismissal asserted by Defendant. Accordingly, the Court also shall dismiss Count III on the basis that Defendant's alleged failure to provide Plaintiff reasonable accommodation is time barred under the six-year time period adopted by the Court for the purposes of this analysis.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's [9] Motion to Dismiss in Part as conceded. Further, Counts I and IV of Plaintiff's Complaint are DISMISSED to the extent that Plaintiff seeks relief for his 2004 request for a reasonable accommodation and his 2006 discipline and suspension because these events are time barred under the statute of limitations.

Further, Counts II (disparate treatment) and III (failure to reasonably accommodate) of Plaintiff's Complaint are DISMISSED in their entirety on the basis that the events at issue are time barred. Count II (disparate treatment) also is DISMISSED in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, the Counts I (disparate treatment) and IV (retaliation and coercion) of Plaintiff's Complaint remain to the extent that he seeks relief for his January 2013 termination and the incidents that occurred in December 2012.

An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge